NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 29 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEILANIE D. THUNE,

                Plaintiff - Appellant,

    v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                Defendant - Appellee.

No. 11-35866

D.C. No. 4:10-cv-00067-SEH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted November 7, 2012[**]
Portland, Oregon

Before:    ALARCÓN, McKEOWN, and PAEZ, Circuit Judges.

    Leilanie D. Thune appeals from the district court's decision granting

summary judgment in favor of the Commissioner of Social Security

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

("Commissioner") and affirming the Commissioner's final decision, which concluded that Thune was not entitled to Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's order upholding the Commissioner's decision. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). We affirm the decision of the Commissioner if it is supported by substantial evidence, and the Commissioner applied the correct legal standards. *Id.* The "Commissioner's findings are upheld if supported by inferences reasonably drawn from the record." *Id.* If evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). We affirm in part, reverse in part, and remand.

I

Substantial evidence supports the Administrative Law Judge's ("ALJ") determination that Thune's depression was not severe because it caused her no more than a minimal limitation in her ability to function. *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) ("An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'") (quoting

2

SSR 85-28, 1985 WL 56856 (1985)).  Thune twice testified that she was not depressed, and examining psychologist Mark Johnson did not diagnose Thune with depression.  Although her treating physician, Dr. James Hinde, stated in his treatment notes that he believed Thune was depressed and prescribed her anti-depressants, he did not identify any functional limitations resulting from his diagnosis.

## II

Substantial evidence supports the ALJ's decision to accord lesser weight to Dr. Hinde's May 1, 2008, medical opinion.  "Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons supported by substantial evidence in the record."  *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (citation omitted).  Dr. Hinde's May 1, 2008, medical opinion was contradicted by his prior opinions and by the observations he recorded in his treatment notes that same day.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (explaining that the discrepancy between a treating doctor's assessment that the claimant could not stand or walk and his recorded observations was a "clear and convincing reason for not relying on the doctor's opinion").  Nor is Dr. Hinde's May 1, 2008, opinion supported by the treatment notes of other treating and examining physicians in the record.

3

III

Substantial evidence supports the ALJ's adverse credibility determination because he gave "'specific, clear and convincing reasons'" for rejecting Thune's testimony regarding the severity of her symptoms. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). The ALJ properly discredited Thune's allegations of pain because they contradicted her testimony regarding her daily activities, which included gardening, cleaning, cooking with cast-iron cookware, and running errands. *See Morgan*, 169 F.3d at 600 (affirming the ALJ's adverse credibility determination where the claimant's claim of disability was contradicted by his "ability to fix meals, do laundry, work in the yard, and occasionally care for his friend's child"). The ALJ's adverse credibility determination is also supported by Thune's falsehood concerning the loss of her medicine and a discrepancy in the record regarding why she left her last position of employment. *See Chaudhry*, 688 F.3d at 672 (holding that an ALJ may consider "ordinary techniques of credibility evaluation, such as . . . testimony by the claimant that appears less than candid" (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)).

IV

However, substantial evidence does not support the ALJ's residual functional capacity assessment because he erred in determining that Thune could perform an eight-hour work day with normal breaks. In making this determination, the ALJ failed to include limitations based on certain of Dr. Hinde's opinions or to give "'specific and legitimate reasons' supported by substantial evidence in the record" for rejecting those opinions. *Orn*, 495 F.3d at 632 (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). In his December 28, 2004, treatment notes, Dr. Hinde opined that Thune could work only six and a half hours per day. In his May 6, 2004, and February 5, 2004, treatment notes, Dr. Hinde recommended, among other things, that Thune take a break every half hour for five to ten minutes and a 15-minute break every two hours. These opinions were contradicted by the opinion of the State Disability Determination Services evaluator, Dr. David Jordan, who opined that Thune could perform an eight-hour work day "(with normal breaks)." Even though the ALJ accorded "great weight" to Dr. Jordan's opinion, he failed to address Dr. Hinde's December, May, and February 2004 opinions, let alone provide specific and legitimate reasons supported by substantial evidence in the record for rejecting them. Because we "may not affirm the ALJ on a ground upon which he did not rely," *id.* at 630, we remand for the ALJ to address Dr. Hinde's opinions and either to accept them or to

5

provide specific and legitimate reasons supported by substantial evidence in the record for rejecting them.

Each party shall bear its own costs for this appeal.

**AFFIRMED in part; REVERSED in part; REMANDED.**